Good morning. May it please the court. Lindsay Sweet for the petitioner, Angel Carbajal, and I would like to reserve, I intend to reserve the two minutes for a possible rebuttal. There are two uniquely significant circumstances in this case that I want to go over. First and foremost, the jury was not instructed to consider the counts separately in this case. Do we know that for sure? I had trouble finding the jury instructions in the record. Are they in this record? The complete jury instructions are not in the record. There is no instruction to consider the counts separately. Well, how do we know that if we don't have the jury instructions? I would be happy to provide supplemental excerpts of record. So you have them? I do have them, yes, and I would be happy to provide a full copy. There's no case identified in the briefing and no case that I'm aware of with this issue where that similar circumstance exists with the lack of that very general instruction. Even in Bean v. Calderon, that instruction was given, although in Bean, as in this case, there was no instruction not to consider evidence on one count as to the other counts. Pardon me, I'm trying to follow what you're saying. Your point is that the judge should have instructed the jury to consider the threats about one person differently from threats about the other person, right? Yes, that is my point. Was that instruction tendered by the defense in this case? It was not. So you have to proceed on clear error, correct? Correct. And you haven't added instructions to the record in this case? I have not. Do you have any case that says that it's clear error for the court not to instruct under those circumstances? I don't have a case that says it's clear error not to instruct under those circumstances, but I do think it goes right to the prejudice inquiry. It goes to what? Prejudice. Well, it might prejudice, but the question is, is it clear error or is it just plain error? Do you have any authority that might guide us that one way or the other? I don't have a specific case for that point. It seems like since we're on habeas, though, the government would have to be arguing this procedural point. I'm not sure they have. Have they? They have not. They have not argued it. I would say the government has not contested that lack of an instruction. Or that you should have asked for it. They seem to concede that the instruction was not given. I agree that that's the case, yes. So I do think that this case is a lot like Bean in that regard. Also, as in Bean, the prosecutor really seized on that lack of instruction and made it the theory of the case in arguing the similarity of the offenses for conviction. So could you explain why the evidence of these counts wouldn't have been cross-admissible if they had been tried separately? Well, I don't think it would have gone to show anything except propensity for criminal behavior. If I could imagine what the other side's argument would be, the only thing I could come up with would be possible intent. Or maybe a pattern of stabbing people because his daughter was killed? I don't think that would be a proper use of the evidence. And I don't think it's actually probative on intent either, although that's the best argument I could imagine for the other side. The intent being this idea that someone had killed his daughter. Yes, and that that would be the motivation to make a specific threat. But even then, I don't think it really shows an intent so much as just a pattern of behavior. Right. So why wouldn't it have been admissible as a pattern of behavior under California Evidence Code 1101B? I don't think. I think that's simply propensity as evidence. I don't think because he did it once, he did it again. I don't think that's not admissible under 1101B. So was that argument? Oh, sorry. Judge Gould has a question. My question is, why wouldn't that show something like method about... Pardon me, I can't hear what Judge Gould is saying. Sorry, Judge Gould, we can't hear you. We're trying to fix the problem. Can you hear me now? A little. Not too well. Okay, I'll try to, yeah. Why wouldn't that show like modus operandi, which under temper law would be admissible? I think that potentially there is an argument that it would show modus operandi. I don't think that it's very probative in that regard. And even if it were admissible for that very limited point, that would be a very limited admissibility. And that would come along with limiting instructions. Was any limiting instruction requested by the defense? There was no limiting instruction requested by the defense. All right, pardon me. Go ahead. So I do want to just address the difference between this case and being quickly. Being involved in a weak case with a strong case, which is one factor to look at. But there's no requirement for that. My position is this involved the joinder of two weak cases together. Do you know of any case that talked about the joinder of two weak cases and this best evidence rule about split verdicts? I'm not aware of any federal case that discusses that at all. I can say in the inverse, in all the cases cited in the briefing that talk about the failure of a jury to convict on one count and not being probative to prejudice, in all those cases, or in none of those cases, I should say, there was no issue regarding lack of instruction, as there is in this case. How do you handle the fact that the charges against Mr. Kadwaha, against his brother, resulted in either an acquittal or a hung jury? Well, I think that's a function of the two cases being weak joined together, rather than a weak case with a strong case. But it doesn't mean there is no prejudice. The counts involving Brother Rudy were inherently more prejudicial, involving an alleged cutting, an alleged holding a knife to his throat. But the jury found against the prosecution on those claims. That's true. The jury found against the prosecution on those claims. How was he prejudiced by an acquittal? Well, the Supreme Court has recognized that prejudice can flow from evidence admitted on account of acquittal. That's in Spencer v. Texas. And I do think that happened here. It allowed the prosecutor to argue that the offenses, that the evidence on the offenses corroborated each other. It allowed the prosecutor to argue about the dangerousness of the petitioner and that the offenses were nearly identical. Going again to the propensity. The primary concern here being whether the jury could have compartmentalized the evidence. And despite the acquittal on one count, there's no reason to think that there wasn't that spillover of evidence where the jury wasn't instructed to compartmentalize the evidence. And when the prosecutor argued for that very fact to happen. Is it your position that there was no difference in the way that the Suk Savada charges were tried in the two trials other than that the Ruby count was added in the second trial? The evidence and the proceedings from the first trial were not before any habeas cordon review. But it seems like part of your argument is that in the first trial there was a hung jury. The second trial they convict on the same charge. That shows that the joinder with the Ruby charges caused prejudice. I'm trying to figure out whether there was any other difference between the way that this Suk Savada charges were tried. It's unknown. It is unknown. But does that mean we can't really use the earlier hung jury as part of the prejudice analysis? No, I think it is important. It's important for two reasons. I think that the procedural history suggests that the state didn't have any intention of retrying that count until after the Brother Rudy offenses had occurred. That was months later. And the case had been dismissed. And they refiled it. Joined them together. I think the evidence being weak, the verdict could have gone either way. As it did each time that we see. And if there are no further questions right now, I will reserve my remaining time. Thank you very much. Thank you. Good morning. Tammy Crenson, Supervising Deputy Attorney General for the Warden. The problem with Petitioner's case is Park v. California. And Park v. California says the best way that we know that a jury can compartmentalize the evidence is when there is acquittal on charges. Has that rule ever been applied as an absolute rule, though? As far as I could tell, it's always some evidence that there was not prejudice, but not definitive. Like the court will go on and analyze other aspects of the trial. So I can't tell if that rule just gets you all the way to the finish line. Well, the court said that is the best evidence. And I'm not aware of any case where there has been an acquittal on charges. And in Park, there was acquittal on only some of the charges on one of the offense. I'm not aware of any case that the Ninth Circuit has cited, and certainly the Supreme Court hasn't addressed Joinder, that says that if you have a jury that it's obvious they can tell they are considering the evidence for the separate charges, that there could be a due process violation. But do you have any case that uses this best evidence of the jury considering things separately, where there was a hung jury on the count that eventually gets a conviction? I mean, this is maybe a fairly unique case, isn't it? Well, I don't know that it's unique. I haven't seen this, the facts of this case. But I guess is the question is it does seem like he has a better argument for prejudice than a lot of people, in that there was actually a trial on one of the counts before. It led to a hung jury. Then they join the counts, and he gets convicted on that same count that was the hung jury before. That seems like a better story for prejudice than a lot of these other defendants had. We can look to the case where the Ninth Circuit did find a due process violation, Bean. And Bean, let me note before I talk about the Bean case, that Bean was distinguished, or Park v. California distinguished Bean because it said that Bean, the defendant, was convicted on all of the counts, all of the charges. So in Park, we have the situation where there was acquittal on some of the charges. So, again, that is the best evidence that the jury is considering the charges separately. But in Bean, the concern was, one of the concerns, when the Ninth Circuit looks at prejudice, it's whether there's a stronger case being joined with a weaker case, and they look at the cross-admissibility of evidence. In Bean, they determined, or this Court determined, that the evidence wouldn't have been cross-admissible, and there was one case that had overwhelming evidence that was joined with a weaker case. And the concern was that the jury would consider the overwhelming evidence and say the defendant did both of these. We don't have that situation here. This isn't, as the trial court found, they're similar offenses, a class of offenses. And even under the federal rules, you can join claims when the crimes are of similar types. And certainly under California law, you can. So the concern, and if the concern is that the Soksavath case was a weaker case, well, then if the argument is Carbajal was the stronger case, they quit it, they didn't convict on the stronger case. So there really isn't, the issue here is trying to keep the jury from determining that a defendant, just because the defendant has all these charges, that we're going to convict him. Well, they didn't do that here. And so the protection we're trying to protect is that we get one case that's really, really strong, and then they go ahead and just link a weaker case and decide that this defendant has to be guilty because he's just a bad guy. Well, I think the argument would be they have two weak cases. If you take either one on its own, they wouldn't convict. But when they take it all together, they do some sort of compromise and convict him of one count. That is the argument, but again, that is not the concern that the case, we wouldn't have joined her if that was the issue. We would never be able to join cases if we're always concerned that two cases that are similar could somehow have the jury add up to a conviction. And the evidence was cross-admissible. And what is your best argument for that? What is my best argument for cross-admissibility? That it's cross-admissible because of motive and intent and the motive operation here. And as the trial court found the motive and intent, the trial court found that this would be admissible, that it would likely be admissible to show motive and intent. And that's under 1101B, California Evidence Code. And federal rules have a similar one. Why is the second charge against Rudy Carbajal, involving Rudy Carbajal, provative of his motive and intent? They both involve criminal charges. There was a criminal charge count with Rudy Carbajal. That was count three. And count two was the assault with a deadly weapon charge. That was the one the jury hung on. And then the criminal threats charge was the one they acquitted him. Are you talking about motive and intent and propensity to commit a crime? Well, the only thing we would be looking at, there was only one charge for the Soksovath charge, and then they had enhancements. But it was criminal threats. So in order to determine his intent in saying what he did, you could consider the other offense that he has done this before and had the same intent. Isn't that the consideration of character evidence by commission of other crimes? Isn't it 404? Is it 404, you mean under the federal rules? Yeah, under the federal rules of evidence. You can't consider commission of other crimes as evidence of a character trait to consider that he had that character trait. As a propensity to commit another crime. That's true. But you can consider it. Federal rules allow for motive and intent and modus operandi, just like the state court under California law. And so in order to establish his intent, because it is a specific intent crime, criminal threats is a specific intent crime, so you can use other acts to help determine whether that was his actual intent. Counsel, Judge Gould, if I could urge you, does his statement to these two different people involved, that his daughter was killed by him, tend to show that he intended to get redressed for his daughter's death? Well, as the trial court found, that went to motive for the crimes. Regardless of whether it was true or not, that was his motive. Yeah, and am I correct that what we're reviewing here, on a joint or decision, is reviewed for abuse of discretion? Or is it de novo? In part, the court determined it was a de novo determination. I think it is a de novo determination. It seems like part of why whether it's de novo goes to this other issue in this case about whether the state court reached this issue or not. And I had trouble following your argument about how the state reached this issue on the merits. It seemed like the citations to Swain and Duval have been interpreted as procedural basis for denial. So I don't understand how we can read that as a merits determination. Well, first of all, the fact that there was a citation, it's not clear whether that citation applied to all of the claims or some of the claims. When it was the only reason given, why not assume it's all of the claims? I don't understand why we wouldn't assume that the reason given for denying the whole petition applied to all of the claims. Because we look to see what makes sense, as Wilson v. Sellers said. And we don't attribute something to the state court that doesn't make sense. And here we have a claim that's record-based. He presented document or evidence. It was a legal question. There doesn't appear to be any more that would be needed for fair presentation of that claim. However, on the other hand, he also did ineffective assistance to counsel claims for trial counsel and appellate counsel. And it's not clear at all from his allegations how either counsel would have been ineffective, given the fact that there was an opposition to the consolidation of charges at trial. And the only thing he says that the appellate counsel didn't do was obtain transcripts, but doesn't at all say what the deficient performance was and how it was prejudicial. And so that would be what would be more likely or what would make sense that the California Supreme Court would be denying with the Swain and Duvall site. Even though the California Supreme Court knows that our court has said Swain and Duvall is procedural, so they would expect if this ever comes on habeas, we're going to view that as procedural, right? Well, actually, Kim v. Villabas didn't say, didn't take a Swain site as categorically a finding. For exhaustion. But, I mean, we have Sisto and, I mean, we have a series of cases that, sorry, Cross, Seaboth. Sisto might not have been right. Cross, Seaboth, Harris, Villabas. I guess that's Kim, so let's put that one to the side. But Harris, Seaboth, and Cristo are all cases that say that this is a procedural denial. A procedural deficiency doesn't mean it wasn't also a merits denial. And what it's important to realize is that when you are bringing the claim, what the court is determining, this court has determined it's like a demur. And California courts have said, as well as federal courts, that when you don't state the facts and evidence to support your claim, the claim is deficient itself. And that's what Kim said. When you have alleged with as much particularity as you can a claim, then that means that if that claim is being denied for failure to state a claim, then it is a denial of the merits of that claim. It doesn't bar you from coming back and bringing a new claim with new facts and evidence, but it certainly is a denial as to the merits of that claim. Because if you don't have facts and you don't have evidence, you haven't established a prima facie case, and courts have ruled that is a merits ruling. Have courts ever ruled that it's a merits ruling for purposes of figuring out whether the merits were determined for AEDPA purposes to see whether we do de novo review or not? I don't know if Kim... Because Kim was remanded back for determination. And Kim was before AEDPA. And Kim was before AEDPA. So we haven't had a court actually rule on that yet. So our court has repeatedly said it's procedural and never said that it's merits for any purpose of AEDPA. So I think you have an uphill climb here, don't you? Again, the courts have said it's as to the claim that is being attempted to be raised. It has never said that it was not a merits ruling of the claim that was actually raised. And again, the concern, when you look at the... And I cited the California Supreme Court's decision in the Cadets case, and it said that the demur is... merits to the extent it adjudicates the claim of the facts alleged. It is not a bar, raised judicata bar, as to a claim that you may still be able to raise. But in order to say that it's raised judicata as to the claim... But there's no raised judicata in habeas, right? So I don't understand really how these carry over to habeas. Well, the Ninth Circuit has said it's like a demur process. That's how California has treated it. So that's how we can look to that. But if we look straight at just how habeas handles it, if you don't allege facts and you don't support it with evidence, that's a merits denial. The federal courts deny that in habeas as a conclusory claim, and that's a merits denial. You cannot come back and bring that claim again. You can try to bring a new claim, but then that's new facts, new evidence is a new claim. You can go back and do that, but you cannot bring the same claim again. And if it was only procedural in nature,  But again, once you add new facts and new evidence, it's a new claim. So it has to be a denial on the merits of the claim you've actually raised. Thank you. We've taken over your time. Thank you. You have at least one minute for rebuttal. Okay. A couple of points. As to the cross-admissibility issue, there was no determination that any evidence was cross-admissible. At best, it could be said it simply wasn't addressed, although the trial court had indicated at the start of trial that it was a possibility. The trial court also indicated that it would be instructing to consider the crime separately, which didn't happen. And I do intend to file a supplemental excerpt. Was there an objection to the cross-admissibility? There was no cross-admissibility. I mean, you say the court didn't consider it. Was it raised by the defense? It was not raised by any party. And then quickly as to the Park v. California and the best evidence, you know, the verdict being the best evidence of ability to compartmentalize. Park is drastically different. The jury was properly instructed there, as we know by the comparison to Bean. It involved drastically dissimilar charges, and so there was no prosecutorial argument on similarity. And just one more thing quickly. Park also cited Baker, which was the case that spoke about the instructions being a critical factor in the assessment of prejudice. Okay. Thank you very much. Thank you. Thanks, counsel. And the case of Carvajal v. Neuschmidt is submitted for decision.
judges: Gould, Bea, Friedland